IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDIE ALMODOVAR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-5973 |
| | : | |
| JOHN THOMAS, et al. | : | |

# **ORDER**

AND NOW, this 10th day of July, 2019, upon careful consideration of pro se Petitioner Eddie Almodovar's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and after independent review of the November 16, 2018, Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells and Almodovar's objections thereto, it is ORDERED:

1. Almodovar's objections (Document 13) are OVERRULED;[1]

---

[1] In February 2009, pro se Petitioner Eddie Almodovar was convicted of robbery, criminal conspiracy, and carrying a firearm without a license. On June 1, 2009, Almodovar was sentenced to fifteen to thirty years of imprisonment. Almodovar filed a timely direct appeal and on August, 12, 2010, the Pennsylvania Superior Court affirmed his judgment of conviction. Almodovar did not seek review from the Pennsylvania Supreme Court. On September 20, 2011, Almodovar filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA). While his PCRA petition was pending, on September 10, 2012, Almodovar filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. The Court referred Almodovar's habeas petition to United States Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. On January 22, 2013, Judge Wells placed the case in suspense while Almodovar sought PCRA relief.

On July 7, 2016, Almodovar's PCRA petition was dismissed as untimely. Almodovar did not appeal this decision, but chose to file a second PCRA petition. Almodovar's second PCRA petition was dismissed as untimely on January 27, 2017. Almodovar appealed and the Superior Court affirmed the dismissal of the second PCRA petition on November 1, 2017. On June 29, 2018, Almodovar attempted to appeal his June 1, 2009, sentence to the Superior Court. The Superior Court quashed Almodovar's appeal as untimely on October 15, 2018.

On November 16, 2018, Judge Wells issued a Report and Recommendation (the R&R) recommending Almodovar's habeas petition be dismissed without an evidentiary hearing as untimely. On December 26, 2018, Almodovar filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). Although these objections were filed outside of the 14-day period for Almodovar to timely object to the R&R, *see* Local R. Civ. P. 72.1(IV)(a), the Court will nevertheless consider them, *see Perez-Barron v. United States*, No. 09-0173, 2010 WL 3338762, at *1 (W.D. Pa. Aug. 23, 2010) (considering objections to a report and recommendation even though they were untimely filed).

Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Almodovar objects to Judge Wells's finding that his habeas petition was untimely asserting the statute of limitations was statutorily and equitably tolled. Upon de novo review of the record, Almodovar's objections are meritless.

Initially, as Judge Wells noted, Almodovar's habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a petitioner one year after his conviction becomes final to file a federal habeas petition under § 2254. In this instance, Almodovar's conviction became final on September 11, 2010—thirty days after the Superior Court denied his direct appeal. *See* Pa. R. App. P. 1113(a). As a result, Almodovar needed to file his habeas petition on or before September 11, 2011. Because he did not file his habeas petition until September 10, 2012, his habeas petition may only be considered timely if the AEDPA's statute of limitations was tolled. The AEDPA's statute of limitations may either be statutorily tolled or equitably tolled.

Statutory tolling does not apply to Almodovar's habeas petition. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed PCRA petition statutorily tolls the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 415–17 (2005). In this case, Almodovar's September 20, 2011, and September 22, 2016, PCRA petitions did not statutorily toll the AEDPA's statute of limitations as both were untimely filed in Pennsylvania state court. Therefore, because neither of Almodovar's PCRA petitions were timely filed, statutory tolling is inapplicable. *See Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).").

Next, equitable tolling does not apply to Almodovar's habeas petition because he failed to act with due diligence. Under the doctrine of equitable tolling, the AEDPA's statute of limitations period can be tolled in rare circumstances when "principles of equity would make [its] rigid application unfair." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Almodovar asserts equitable tolling applies because his counsel on direct review "abandoned" him by not advising him of the Superior Court's August 10, 2010, decision dismissing his appeal.

While attorney abandonment may be considered an extraordinary circumstance warranting equitable tolling, *see Warren v. Sauers*, No. 12-1819, 2015 WL 778208, at *8 (M.D. Pa. Feb. 24, 2015) ("An attorney's total failure to communicate with his client, particularly where the attorney has failed to inform his client that his case has been decided and that decision implicates the client's ability to bring further proceedings, can . . . justify[] equitable tolling . . . ."), a petitioner must still demonstrate "that he has been pursuing his rights diligently," *see Holland v. Florida*, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

Even assuming Almodovar's assertion that his appellate counsel failed to inform him of the disposition of his direct appeal is true, Almodovar did not diligently pursue his rights. After having counsel file an appeal and allegedly abandon him, Almodovar took no action to learn the status of his direct appeal, i.e., attempting to contact the counsel that allegedly had abandoned him or contacting the Superior Court after a reasonable period of time had passed. While "the diligence required for equitable tolling purposes is . . . not maximum, extreme, or exceptional diligence,"

2

2. The Report and Recommendation (Document 11) is APPROVED and ADOPTED;

3. Almodovar's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document 1) is DENIED;

4. Judgment is entered in favor of Respondents by separate order, filed contemporaneously; and

5. A certificate of appealability shall not issue, as Almodovar has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling, *see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

*see Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013), a petitioner must take *some* action to pursue his rights, *see Pace*, 544 U.S. at 419 (finding petitioner waiting five months after his state petition was rejected before presenting those claims in a federal habeas petition failed to act with reasonable diligence). Therefore, Almodovar's failure to take *any* steps toward pursing his rights negates any claim for equitable tolling. *See Rementer v. Marsh*, No. 19-137, 2019 WL 2160420, at *4-5 (M.D. Pa. May 17, 2019) (finding equitable tolling did not apply where petitioner claimed his appellate counsel abandoned him and refused to return his letters asking about the status of his appeal because he failed to take any additional steps to ascertain the status of his appeal such as contacting the Superior Court after a reasonable period of time passed).
    Accordingly, Almodovar's objections are overruled, Judge Wells's R&R is approved and adopted, and Almodovar's habeas petition is denied.